IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM GARY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALASKA DEPARTMENT OF CORRECTIONS, JEN WINKELMEN, Commissioner, in her official capacity, and ARNALDO HERNANDEZ, Superintendent, in his official capacity.,<br><br>Defendants. | Case No. 3:23-cv-00262-JMK<br><br>**ORDER GOVERNING THE PRODUCTION AND USE OF CONFIDENTIAL MATERIALS** |

At Docket 12, the parties jointly moved for an order permitting the discovery and disclosure of protected evidence. The parties' *Joint Motion* is **GRANTED**. The production and use of certain documents, materials, and information described below ("protected evidence") shall be governed as follows:

**A. The protected documents.**

This order applies to the prisoner records in the possession of the State of Alaska, Department of Corrections ("DOC"), including the documents, materials and information that are part of DOC's institutional, medical, and disciplinary records. The

order applies to any video, audio, or digital recordings depicting William Gary while in the custody of DOC. DOC considers such records to be confidential and restricted pursuant to AS 12.62.160, 22 AAC 05.090, and 22 AAC 05.095.

### B. Precautions to be observed to protect confidentiality.

1. DOC may produce to plaintiff's counsel relevant protected documents.

2. The protected documents may be made available by the parties' counsel to their staff, expert witnesses, and consultants to prepare for trial in this action, if such persons are instructed that the materials and the information contained therein are confidential and shall not be disclosed to third parties.

3. DOC may redact or withhold from production materials it believes are precluded from disclosure or subject to privilege, but shall serve a privilege log describing the documents or materials withheld or information redacted with sufficient detail to enable review of the asserted privilege. Any disputes as to relevance or discoverability of materials shall be resolved by the court, after the parties confer, prior to disclosure and/or production. This provision does not waive the plaintiff's ability to move for court-ordered production of documents.

4. Before any person is allowed to view protected evidence, he or she will be informed of the terms the court's order regarding the disclosure of protected DOC documents and agree to be bound by it. In the event a copy service is engaged to copy or otherwise handle protected evidence, the service's representative shall be informed of the terms of the order and agree to be bound by it.

*Gary v. Department of Corrections, et al.*     Case No. 3:23-cv-00262-JMK
Order Governing Production and Use of Confidential Materials     Page 2
Case 3:23-cv-00262-JMK-MMS   Document 14   Filed 02/02/24   Page 2 of 4

5. Control and distribution of all copies shall be the responsibility of counsel for the parties and protected evidence will be copied only as necessary in the prosecution or defense of this lawsuit.

6. This order does not preclude the disclosure of documents and information to any witness during any deposition in this case or preclude the inclusion of such documents as exhibits to a deposition, provided that: a) documents, materials, and information are disseminated pursuant to the terms of this order; and b) deponents and court reporters are instructed that such documents, materials, and information are confidential and shall not be disclosed to third parties.

7. No deponent or witness who either has been or is an inmate in the custody of DOC shall be provided with any copy of protected documents without a prior court order expressly authorizing disclosure to such persons.

8. Absent prior agreement by the parties, protected documents and materials produced pursuant to this order and filed with the court by the parties shall be marked as "Confidential" with restricted access pursuant to Federal Rule of Civil Procedure 5.2(e)(2), and shall not be placed in the public record or publicly disclosed without prior written authorization by this court. The moving parties shall attempt to informally resolve any disputes regarding the filing of protected evidence before seeking the court's intervention.

9. Control and distribution of all copies of protected evidence produced pursuant to this order and information contained therein shall be in accordance with this order and is the responsibility of each party's counsel in this matter.

*Gary v. Department of Corrections, et al.*  Case No. 3:23-cv-00262-JMK
Order Governing Production and Use of Confidential Materials  Page 3
Case 3:23-cv-00262-JMK-MMS   Document 14   Filed 02/02/24   Page 3 of 4

10. This order does not broaden, restrict, or otherwise change the scope of discovery and disclosures required by the Civil Rules, nor is it intended to restrict a party's right to propound discovery.

**C. Preservation of rights.**

1. The purpose of this order is to facilitate disclosure and discovery of protected evidence. It does not alter the rules pertaining to disclosure and discovery, and the parties do not waive any objections to disclosure or discovery. The parties are not required to provide discovery beyond that permitted by the Civil Rules, nor are they required to provide discovery other than through interrogatories, requests for production, requests for admission, or depositions.

2. This order does not alter the rules relating to admissibility of evidence at trial. All objections to admissibility are preserved.

3. This order does not affect the applicability of any rules pertaining to confidentiality or privacy with respect to the use of the protected evidence at trial or any other public proceeding. All objections to disclosure in public proceedings are preserved.

4. The provisions of this order shall continue to be binding after termination of this litigation.

IT IS SO ORDERED this 2nd day of February, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Gary v. Department of Corrections, et al.*     Case No. 3:23-cv-00262-JMK
Order Governing Production and Use of Confidential Materials     Page 4

Case 3:23-cv-00262-JMK-MMS   Document 14   Filed 02/02/24   Page 4 of 4